IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER N. HEIST, | : | |
| | : | 4:08-CV-00484 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| LAUREL BUNCH ARTWORK, INC. | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

July 23, 2008

**BACKGROUND:**

On March 17, 2008, plaintiff Jennifer N. Heist, proceeding pro se, instituted this civil action against defendant Laurel Burch Artworks, Inc. ("Laurel"). Heist's complaint stems from Laurel's attempt to stop her from selling certain crafts on eBay's internet auction site that are made from fabrics containing its copyrighted and trademarked designs. Heist seeks a declaratory judgment that she has not infringed on Laurel's copyright and trademark rights (Counts I and II). She also sets forth state law claims for tortious interference with a prospective business relation (Count III), product disparagement (Count IV) and a federal law claim for a violation of the Digital Millennium Copyright Act (Count V).

On April 9, 2008, Heist filed a waiver of service that was returned executed by Jay Burch, the president of Laurel. (Rec. Doc. No. 3.)

On June 6, 2008, Heist filed a "Motion for Default Judgment Pursuant to F.R.C.P. 56(a)." (Rec. Doc. No. 4.) On July 3, 2008, we granted plaintiff's motion and directed the clerk to enter default. (Rec. Doc. No. 8.)

On July 8, 2008, defendant filed a "Motion to Set Aside Entry of Default." (Rec. Doc. No. 9.) Defendant also filed a brief in support of the motion. (Rec. Doc. No. 10.) On July 9, 2008, plaintiff filed a "Motion to Strike Defendant's Motion to Set Aside Entry of Default and Brief in Support of Defendants' Motion to Set Aside Entry of Default," which we will treat as a brief in opposition. (Rec. Doc. No. 12.) The time for filing a reply brief has since passed and the matter is ripe for disposition. For the following reasons, we will grant the motion.

**DISCUSSION:**

Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Moreover, any doubt in such a motion should be resolved in favor of setting aside the default in order to permit the case to be decided on the merits. Malik v. Hannah, 2007 WL 2892648 at * 1 (D.N.J. Sept.

27, 2007).   The Third Circuit has stated that regardless of whether the motion is to set aside a default or a default judgment, the court must consider three factors: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable conduct.  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Gold Kist, Inc. v. Kaurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).  Furthermore, we note that such a motion is addressed to the discretion of the court and any doubt should be resolved in favor of setting aside the default in order to permit the case to be decided on the merits.  Malik v. Hannah, Civ. No. 05-3901, 2007 WL 2892648 at * 1 (D.N.J. Sept. 27, 2007) (Simandle, J.)

    We find that these factors weigh in favor of setting aside the default.  First, it does not appear that plaintiff will suffer any prejudice from setting aside the default other than the mere passage of time, which we do not believe is significant.  Second, defendant has asserted a meritorious defense at length in its brief.  Although the merits of the case are difficult to analyze at this stage of the proceeding, it is clear that defendant has a defense that it wishes to present.  Finally, although it does appear that the default was the fault of the defendant, it does assert some level of excuse.  Defendant contends that Jay Burch, the president of defendant, was heavily engaged in business travel during the past several

months and also suffered the death of his mother. (Rec. Doc. NO. 10, at 1-2.) Furthermore, it asserts that Burch "has no prior experience with litigation of this sort, and, in a good faith effort, he conferred with Plaintiff directly, without the aid of counsel on either side, to attempt what he thought were good faith settlement terms." (Id. at 3.) Moreover, due to his business concerns, good faith attempt to settle the case, and inexperience with litigation, Mr. Burch did not obtain counsel until now. (Id. at 3-4.) Defendant also asserts in its brief that "[n]ow that Defendant has secured counsel, Defendant will no longer be a source of delay in this action." (Id. at 4.) Although this does not entirely excuse defendant's failure to respond, it is certainly not as culpable as the failure of a defendant represented by counsel's failure to respond.

    As we have mentioned, defaults are generally disfavored and any doubt should be resolved in favor of setting aside the default. Malik, 2007 WL 2892648 at * 1. Therefore, although defendant is at fault for the default, we will nevertheless set aside the default and permit this case to proceed.

    As defendant has expressed interest in early mediation, the court will convene a telephone conference call to discuss the matter.

**NOW, THEREFORE,  IT IS ORDERED THAT:**

1. Defendant's "Motion to Set Aside Entry of Default" is GRANTED. (Rec. Doc. No. 9.)

2. Defendant has until August 12, 2008 to file a responsive pleading to the complaint.

3. Plaintiff's "Motion to Strike Defendant's Motion to Set Aside Entry of Default and Brief in Support of Defendants' Motion to Set Aside Entry of Default," to the extent it is construed as a motion, is DENIED.  (Rec. Doc. No. 12.)

4. A case management conference will be held by telephone conference call on  July 28, 2008 at 1:30 p.m. to discuss the possibility of early mediation.

    4.1 At least one attorney for each party shall participate in the conference, be fully familiar with the case, be fully authorized to make decisions in the case, have full authority to effectuate a complete settlement, and otherwise comply with Local Rule LR 16.2.

    4.2    Defendant's counsel shall arrange for the conference call. (Chamber's telephone number is 570-323-9772.)  All counsel shall be ready to proceed when my office is contacted.

                                   s/ James F. McClure, Jr.  
                                     James F. McClure, Jr.  
                                     United States District Judge